[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11477
Non-Argument Calendar

_____

D. C. Docket No. 06-00506-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL LOZANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 24, 2008)**

Before CARNES, WILSON and  PRYOR, Circuit Judges.

PER CURIAM:

Victor Lozano appeals the 135-month prison sentence that was imposed on

him for possession of and conspiracy to possess at least 500 grams of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), & 846, and 18 U.S.C. § 2. He contends that the sentence is substantively unreasonable because of what he terms as the unwarranted disparity between his sentence and that of two co-defendants who received sentences of sixty months. He also points to his youth and immaturity.

Lozano was not similarly situated with his two co-defendants. He trafficked drugs, driving an automobile containing over six kilograms of methamphetamine while his infant son was in it. Unlike Lozano, the two co-defendants did not possess more than a personal use quantity of drugs (one had two grams of cocaine in his possession). The difference in circumstances and evidence allowed them to negotiate plea agreements to the one charge each of violating the Travel Act, 18 U.S.C. § 1952, which carried a maximum sentence of 60 months. The drug charges to which Lozano pleaded guilty carried a sentence of from ten years to life. The district court sentenced him to the bottom of his advisory guidelines range (135 to 168 months).

Review of a sentence for reasonableness is deferential and only for abuse of discretion. Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597 (2007). We will reverse a sentence under this deferential abuse-of-discretion standard only if "the

2

district court has made a clear error of judgment . . . ." <u>United States v. Pugh</u>, 515 F.3d 1179, 1191 (11th Cir. 2008) (quoting <u>United States v. Frazier</u>, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)). Neither the lower sentence his co-defendants received nor the fact that Lozano was nineteen years of age at the time convinces us that the district court made a clear error of judgment in sentencing him to 135 months, which not only was within but also was at the bottom of the guidelines range. <u>See</u> <u>Talley</u>, 431 F.3d at 787-88 (11th Cir. 2005) (noting that although we do not apply a presumption of reasonableness to a within-guidelines sentence, we "ordinarily . . . would expect a sentence within the Guidelines range to be reasonable.").

**AFFIRMED.**